IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID BRIGHTWELL,

    Plaintiff,

    v.

KASAHUN TEMESGEN, M.D., ET AL.,

    Defendants.

Civil Action No.:  BAH-23-3189

## MEMORANDUM OPINION

Plaintiff David Brightwell ("Brightwell"), a self-represented plaintiff who is incarcerated at Jessup Correctional Institution ("JCI") filed this civil rights complaint pursuant to 42 U.S.C. § 1983.[1]  On October 10, 2025, this Court ordered the parties to show cause why this case should not be dismissed.  ECF 46.  Plaintiff David Brightwell ("Brightwell") filed a response, ECF 47, as did Defendants, ECF 48.  Brightwell also filed a reply.  ECF 49.  Also pending before the Court is Brightwell's "motion to have the Clerk return Plaintiff's original exhibit and Court accept written response," *see* ECF 50, and a supplement to that motion, *see* ECF 51.  For the reasons stated below, summary judgment is **GRANTED** in Defendants' favor, and Brightwell's motion at ECF 50 is **GRANTED**.

## I.  BACKGROUND

In response to the Court's Order to show cause, Brightwell indicated that he was seen at Johns Hopkins Hospital for "consent" for cataract removal surgery on January 24, 2025 and was informed that there would be something "artificial" involved with the surgery.  ECF 47, at 1.

---

[1] The Court assumes familiarity with the record including the Memorandum Opinion filed on August 1, 2024, detailing the factual allegations underlying Brightwell's claims.  *See* ECF 39, at 2–11.

Brightwell notes that at this time, his "eyes had gotten so bad he could hardly see." *Id.* at 2. He states that when he returned to Jessup Correctional Institution Regional Hospital, he told the medical staff in charge that he objected to the use of anything artificial in his body. *Id.* Despite his protests, Brightwell states he was "intentionally violated and only requested that the 'cataract' of both eyes be removed from both of his eyes" but the lenses were removed and replaced with artificial lenses against his consent. *Id.* He states that after the surgery his eyes are often irritated, and he requires the use of reading glasses to read. *Id.* at 3. In his view, the "defendants are 'all' liable." *Id.*

Counsel for Defendants explains that when Centurion became the contracted medical provider on August 1, 2024, YesCare and the Medical Defendants in this case no longer had any control over Brightwell's care, nor did they have access to his medical records and therefore did not have the ability to state what criteria Centurion uses to determine if someone qualifies for cataract surgery. ECF 48, at 3. Defendants further explain that Brightwell had cataract extraction with intraocular lens implant in the left eye on February 24, 2025, and the same procedure was repeated on his right eye on May 6, 2025. ECF 48, at 4; ECF 48-1, at 2. The standard procedure for cataract removal surgery is for the cloudy lens to be removed from the eye and replaced with an artificial lens. ECF 48, at 5 n.2. Defendants argue that Brightwell's disagreement with the manner in which the procedure was performed and his dissatisfaction with the outcome does not change the fact that his request for injunctive relief is now moot. It is left for this Court to determine, however, whether the Defendants were deliberately indifferent to Brightwell's serious medical need.

## II.    **LEGAL STANDARD**

Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure it was available. *See Farmer v. Brennan*, 511 U.S. 825, 834–37 (1994); *see also Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "A 'serious medical need' is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Heyer*, 849 F.3d at 210 (quoting *Iko*, 535 F.3d at 241); *see also Scinto v. Stansberry*, 841 F.3d 219, 228 (4th Cir. 2016) (failure to provide diabetic inmate with insulin where physician acknowledged it was required is evidence of objectively serious medical need).

After a serious medical need is established, a successful Eighth Amendment claim requires proof that the defendants were subjectively reckless in treating or failing to treat the serious medical condition. *See Farmer*, 511 U.S. at 839–40. Under this standard, "the prison official must have both 'subjectively recognized a substantial risk of harm' and 'subjectively recognized that his[/her] actions were inappropriate in light of that risk.'" *Anderson v. Kingsley*, 877 F.3d 539, 545 (4th Cir. 2017) (quoting *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004)); *see also Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997) ("True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of

3

that risk."). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes

essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a

risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105

(4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844). The right to treatment is "limited to that which

may be provided upon a reasonable cost and time basis and the essential test is one of medical

*necessity* and not simply that which may be considered merely *desirable.*" *United States v.*

*Clawson*, 650 F.3d 530, 538 (4th Cir. 2011) (emphasis added) (quoting *Bowring v. Godwin,* 551

F.2d 44, 47–48 (4th Cir. 1977)). "[A]n inadvertent failure to provide adequate medical care" does

not amount to deliberate indifference." *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *accord*

*Anderson*, 877 F.3d at 543 ("It is obduracy and wantonness, not inadvertence or error in good faith,

that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause.").

"Disagreements between an inmate and a physician over the inmate's proper medical care do not

state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d

841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)); *accord*

*Jackson*, 775 F.3d at 178 ("[W]e consistently have found such disagreements to fall short of

showing deliberate indifference.").

## III.  ANALYSIS

In previously denying Defendants' motion for summary judgment without prejudice, the

Court observed that the decision to deny surgery in favor of monitoring Brightwell's vision was

based on the Federal Bureau of Prisons' Ophthalmology Guidance which provided that cataract

surgery be reserved for those with "documentation of a best-corrected visual acuity of less than

20/60 in both eyes with current (less than six months old) refraction." *See* ECF 39, at 23. The

Court noted, however, that a different Ophthalmology Guidance had been published by the Federal

Bureau of Prisons in 2018 with a slightly different standard for cataract surgery:

> **Cataract Surgery**: Functional impairment resulting from the cataract is the
> primary factor in determining the need for surgery, as well as the likelihood of
> improved function following surgery. Most people function well with a best-
> corrected visual acuity of 20/60 or better. Documented best-corrected visual
> acuity of worse than 20/60 in both eyes with current (less than six-months-old)
> refraction is an indication for cataract surgery. Second eye surgery requires
> documented, best-corrected visual acuity of 20/60 or worse.

*Id.* (citing *Ophthalmology Guidance*, Fed. Bureau of Prisons (Oct. 2018),

https://www.bop.gov/resources/health_care_mngmt.jsp). This Court could not discern, based on

the record before it, whether application of this standard to Brightwell's condition would warrant

surgery and if not, why surgery would not be warranted. For that reason, Defendants were directed

to file a status report advising this Court of any changes in the selected course of care. *Id.* at 24.

In the initial status report filed by Defendants they stated that Brightwell had been seen by

an optometrist onsite at Jessup Correctional Institution ("JCI") on May 3, 2024, and, at that time,

he was recommended for an offsite evaluation by an ophthalmologist. ECF 45-1, at 1 ¶ 4. That

recommendation was approved by YesCare's Utilization Management on June 20, 2024, and the

onsite scheduler confirmed that Brightwell had an appointment scheduled at Johns Hopkins on

August 15, 2024. *Id.*

On August 1, 2024, Centurion became the medical services contractor. *Id.* at 2. Although

the change in contractors has resulted in an inability to access certain records, it is clear that

Brightwell was re-evaluated for cataract surgery and later received the surgery. *See* ECF 48, at 4.

To the extent that the Defendants named in this Complaint caused any delay in Brightwell

receiving cataract surgery, there is no evidence that Brightwell qualified for bilateral cataract

surgery under either of the Ophthalmology Guidance standards until the time of his surgery and,

prior to being replaced by Centurion, YesCare initiated the ophthalmology visit to assess Brightwell's need for the surgery. *See* ECF 45.

Brightwell's apparent complaint that the surgery that was performed was not satisfactory to treat his cataracts fails to rise to a constitutional claim. ECF 47, at 1–3. To state an Eighth Amendment claim for deliberate indifference to a serious medical need, Brightwell must show more than mere negligence or malpractice; rather, the "mistreatment or non-treatment must be capable of characterization as 'cruel and unusual punishment' in order to present a colorable claim." *Russell v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer*, 511 U.S. at 837, *aff'd in pertinent part by Sharpe v. S.C. Dep't of Corr.*, 621 F. App'x 732 (4th Cir. 2015). Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *accord Anderson*, 877 F.3d at 544–46. Here, the record reflects that the cataract surgery that was undisputably provided to Brightwell represents a medically acceptable treatment for his condition and that the procedure was performed in the ordinary manner such surgeries are performed. As such, there is no evidence of reckless disregard by Defendants as it relates to providing the treatment.

What remains is Brightwell's apparent disagreement with medical personnel with respect to the chosen course of treatment, namely that the surgery he received was not was he asked for, ECF 47, at 2-3, and his remaining allegations of complications stemming from that surgery, *id.* at 2. The Court is saddened to hear that Brightwell continues to experience discomfort after receiving

a course of treatment for which he vociferously advocated for many years. Regardless, these allegations, even if considered as falling within the ambit of Brightwell's initial claims that sought an order compelling the administration of this treatment, are insufficient to state a cognizable constitutional claim, much less to demonstrate deliberate indifference. *See Wright*, 766 F.2d at 849 (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)). Inmates do not have a constitutional right to the treatment of their choice. *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986). Further, Brightwell's right to treatment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical necessity and not simply that which may be considered merely desirable." *Clawson*, 650 F.3d at 538 (citing *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977)). To the extent Brightwell challenges the manner in which the surgery was performed, his claim sounds in negligence, which "would, at most, constitute a claim of medical malpractice" that fails to "meet the standard of deliberate indifference to serious medical needs required for § 1983 liability." *Wright*, 766 F.2d at 849. In light of the updated information regarding Brightwell's care, Defendants Dr. Kasahun Temesgen, Dr. Michael Agonafir, Carole Simo, NP, Lum Maximuangu, CRNP, Heidi Miller, RN, and Nicole Hargraves are entitled to summary judgment in their favor.

## IV.    PLAINTIFF'S MOTION AT ECF 50

Brightwell filed a "motion to have the Clerk return Plaintiff's original exhibits and Court accept written response." ECF 50. Brightwell also filed a supplement to this motion asking for a copy of the docket sheet in this case. ECF 51, at 1. Brightwell requests that the Court direct the Clerk to send back his "original Exhibits and have them filed electronical[ly] so defendant counsel [can] get them." ECF 51, at 2. The Court notes that all exhibits included with Brightwell's filings have been filed electronically on the docket. The Court is not sure precisely what original exhibits

Brightwell requests, however, the Court will order the Clerk to mail Plaintiff a copy of the docket sheet for his records as well as a copy of the filings and attached exhibits at ECF 1, ECF 47, and ECF 49. If the Clerk retained any original exhibits filed by Brightwell, those are to be returned as well.

## V.   **CONCLUSION**

For the foregoing reasons, the Court GRANTS summary judgment in favor of Defendants. Brightwell's motion at ECF 50 is GRANTED, and the Clerk is directed to mail a copy of the docket to Brightwell for his records. The Court further ORDERS that the Clerk close this case. An implementing order follows.

Dated: <u>January 14, 2026</u>                                    <u>            /s/            </u>
                                                                Brendan A. Hurson
                                                                United States District Judge